IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CR15 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMIE SPEELMAN, | ) | MEMORANDUM OPINION |
| | ) | NUNC PRO TUNC |
| Defendant. | ) | |
| | ) | (Corrects Section Number on page 2) |

This matter is before the Court on the motion of defendant, Jamie Speelman, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Filing No. 34). After review of the motion and applicable law, the Court finds as follows.

Jamie Speelman ("defendant") pled guilty to a two-count indictment on October 29, 2014 (Filing No. 22). The indictment charged defendant with violating 18 U.S.C. §§ 1951 and 924(c) in connection with a robbery on November 22, 2013 (Filing No. 1). On February 12, 2015, defendant was sentenced by the Court to a term of 63 months on Count I and 84 months on Count II (Filing No. 29). The judgment entered by the Court provides that the sentence on Count II is "to run consecutive to Count I . . . ." (Filing No. 30 at 2).

On June 26, 2015, the United States Supreme Court ruled that the residual clause contained in the Armed Career Criminal

Act of 1984 ("ACCA") violated the Constitution's guarantee of due process and was struck down as being unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563, 192 L. Ed. 2d 569 (2015). The Supreme Court then held in *Welch v. United States*, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016), that *Johnson* "announced a substantive rule that has retroactive effect . . . ." *Welch*, 136 S. Ct. at 1263. On May 23, 2016, defendant filed the instant motion arguing the Supreme Court's decision in *Johnson* entitles her to relief. See Filing No. 34 at 4.

The Court finds the Supreme Court's holding in *Johnson* inapplicable to defendant's case. In *Johnson,* the Supreme Court struck down only the portion in the ACCA known as the residual clause. See *Johnson*, 135 S. Ct. at 2557-58. The Supreme Court did not "call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." *Id.* at 2563. Because defendant pled guilty to and was sentenced under 18 U.S.C. § 924(c) and not the residual clause of the ACCA contained in § 924(e)(2)(B), *Johnson* and *Welch* do not apply. *See id.; see also United States v. Diaz*, Crim. No. 11-166, 2016 WL 3951067, at *1 (D. Minn. July 19, 2016) (stating "the ruling in *Johnson* does not apply to convictions under § 924(c)."); *United States v. Malone*, Crim. No. 3:94-106(1), 2016 WL 3211815, at *1-*2 (D. Minn. June 9, 2016). Defendant is not entitled to any relief under the Supreme Court's

holding in *Johnson*.  Accordingly, defendant's motion to vacate under 28 U.S.C. § 2255 will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 16th day of August, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court